UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

HEALTHCARE AND RETIREMENT
CORPORATION OF AMERICA,

        Defendant.
_____/

CIVIL ACTION NO. 07-13670

DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER**

        Defendant Healthcare and Retirement Corporation of America's Motion to Compel was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on June 26, 2008. Having reviewed the Motion, together with Plaintiff's Response, and having heard the arguments of counsel, I now find that the Motion should be denied.

        Plaintiff has asserted in argument that Defendant has been provided with the entire investigative case file relating to Gurmeet Dosanjh, with the sole exception of those portions containing evaluative material. Defendant maintains that the withheld portions do not meet the standard for deliberative privilege protection. The court disagrees. While the withheld information is relevant to important issues in this case, protection of the agency's deliberative processes is important to the accomplishment of its mission, since the prospect of disclosure may chill the willingness of agency personnel to participate freely in the decision making process. While the privilege claimed is not absolute, I find that Plaintiff has not demonstrated that its need for the withheld information outweighs the legitimate

interests of the Plaintiff.  Equal Employment Opportunity Commission v. Texas Hydraulics, Inc., 246 F.R.D. 548, 551-52 (E.D. Tenn. 2007).

The court further agrees that Plaintiff should not be compelled to produce its internal investigative policies.  There is significant case authority for the proposition that a Title VII Defendant should not be permitted to challenge the sufficiency of an investigation leading to a civil rights complaint.

> That line of inquiry would deflect the efforts of both the court and the parties from the main purpose of this litigation: to determine whether [the defendant] has actually violated Title VII.  Acceptance of [the defendant's] theory would entitle *every* Title VII defendant to litigate as a preliminary matter whether EEOC had a reasonable basis for its determination . . .. [This determination] would effectively make every Title VII suit a two step action: first, the parties would litigate the question of whether EEOC had a reasonable basis for its initial finding, and only then would the parties proceed to litigate the merits of the action.

E.E.O.C. v. Keco Industries, Inc., 748 F.2d 1097, 1100 (6th Cir. 1984).

IT IS THEREFORE ORDERED that Defendant Healthcare and Retirement Corporation of America's Motion to Compel is denied.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: June 27, 2008

___

### CERTIFICATE OF SERVICE

I hereby certify on June 27, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 27, 2008. **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217