**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.                                                                Case No.  07-13670

HEALTHCARE AND RETIREMENT                  District Judge Arthur J. Tarnow
CORPORATION OF AMERICA, d/b/a Heartland
Health Care Center–Canton,                         Magistrate Judge Donald A. Scheer

        Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION [44] FOR PARTIAL
SUMMARY JUDGMENT;
AND DENYING DEFENDANT'S MOTION [43] FOR SUMMARY JUDGMENT**

       Before the court are plaintiff's motion for partial summary judgment and defendant's

motion for summary judgment. The matter came on for a hearing on August 10, 2009.

       For the reasons stated on the record, plaintiff's motion is GRANTED IN PART. Title VII

grants the EEOC broad discretion to conduct conciliation efforts. In the instant case, the EEOC

satisfied its statutory duty to conciliate by informing the defendant of its theory of liability and

conferring with the defendant on multiple occasions before filing the instant lawsuit. The EEOC

then determined that conciliation efforts failed, and it had no legal obligation to proceed beyond

that point. The Court finds that the EEOC satisfied its statutory duty to conciliate.

       The parties dispute whether the charging party was discharged or voluntarily resigned.

The letter, sent by defendant's regional human resource manager (docket number 43, exhibit 19),

clearly informed the charging party that she would be unable to wear the kirpan and continue

working for the defendant. This amounts to "discharge or discipline for failure to comply with an

employment requirement" that conflicts with a religious requirement. *Goldmeier v. Allstate Ins.*

*Co.*, 337 F.3d 629, 634 (6th Cir. 2003). The Court finds that the charging party was discharged as a matter of law.

The remaining issues are whether the defendant reasonably accommodated the employee's religious belief, whether the defendant was unable to accommodate the religious belief without incurring an undue hardship, and the question of damages. These issues are not amenable to resolution on summary judgment because the facts surrounding these issues give rise to conflicting inferences. Accordingly, plaintiff's motion for partial summary judgment is DENIED IN PART as to these issues. Defendant's motion for summary judgment depends on resolution of these issues and is therefore DENIED.

The Court also concludes that the defendant may not make an argument of "unclean hands" at trial. Under Title VII, a putative defendant is not subject to liability where it relied on a written interpretation or opinion of the EEOC. *See* 42 U.S.C. § 2000e-12(b). Here the alleged opinion was oral. Additionally any claim of "unclean hands" based on the "bona fide occupational qualification" is groundless. This statutory defense applies where a specific religion is an employment "qualification reasonably necessary to the normal operation" of its business. 42 U.S.C. § 2000e-2(e). The defendant does not allege that a specific religion was a necessary qualification for its business.

07-13670

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  August 11, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager

Arthur J. Tarnow
Dated:                          United States District Judge

-3-